IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL DITOMASSO | C.R. No. 07-00132 ML |

GOVERNMENT'S OBJECTION TO DEFENDANT'S
MOTION FOR BILL OF PARTICULARS

The Government objects to Defendant's Motion for Bill of Particulars. A bill of particulars is unnecessary and unwarranted:

- The Indictment in this matter sufficiently advises Defendant of the specific acts he is alleged to have committed.
- The Complaint, specifically the accompanying Affidavit, sets forth the elements of the offense and advises Defendant in detail of the specific acts he is alleged to have committed.
- The Government disclosed over 150 pages of documents to Defendant in near open-file discovery. These documents encompass all relevant data except Jencks Act material related to or revealing the identity of witnesses not employed in law enforcement.

The Government requests that the Court deny Defendant's Motion.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Milind M. Shah
MILIND M. SHAH
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, R.I. 02903
Office (401) 709-5000
Facsimile (401) 709-5001
milind.shah@usdoj.gov

CERTIFICATION OF SERVICE

On this 29th day of October, 2007 I caused the within Objection and Memorandum as well as the thereto attached Exhibits 1, 2, and 3 to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Kevin J. Fitzgerald, Esquire
Assistant Federal Defendant
Federal Public Defender Office for Rhode Island
10 Weybosset Street, Suite 300
Providence, RI 02903
kevin_fitzgerald@fd.org

/s/ Milind M. Shah
MILIND M. SHAH
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, R.I. 02903
Office (401) 709-5000
Facsimile (401) 709-5001
milind.shah@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL DITOMASSO | C.R. No. 07-00132 ML |

GOVERNMENT'S MEMORANDUM OPPOSING
DEFENDANT'S MOTION FOR BILL OF PARTICULARS

## I. SYNOPSIS

The Government objects to Defendant Michael DiTomasso's Motion for a Bill of Particulars and requests that the Court deny the Motion. The Indictment and Affidavit accompanying the Complaint advise Defendant of the specific acts he is alleged to have committed with specificity sufficient to enable Defendant to prepare his defense. Nonetheless, Defendant asserts that he needs more specific information, and to this end poses four interrogatories – four interrogatories that Defendant, with the assistance of counsel, can and should answer on his own.

The first and second interrogatories are legal questions. The Government should not be required to dispense legal advice to Defendant. Defendant has able counsel who can and should answer these legal questions. The remaining interrogatories seek factual information Defendant already has. The Affidavit accompanying the Complaint sets forth the elements of the offense and lists the facts, including Defendant's specific acts, establishing those elements. The Government has also, in near open-file discovery, disclosed over 150 pages of documents to Defendant. These documents encompass all relevant data except Jencks Act material related to or revealing the identity of witnesses not employed in law enforcement. A bill of particulars is unnecessary and unwarranted.

## II. ARGUMENT

A bill of particulars serves a very limited function and is not a tool for general discovery. "The function of a bill of particulars is to provide the defendant with necessary details of the charges against him to enable him to prepare his defense, to avoid surprise [at] trial, and to protect against double jeopardy." *United States v. Abreu*, 952 F.2d 1458, 1469 (1st Cir. 1992); *see also, e.g.*, *United States v. Sepulveda*, 15 F.3d 1161, 1192-93 (1st Cir. 1993); *United States v. Hallock*, 941 F.2d 36, 40 (1st Cir. 1991). "The ultimate test must be whether the information sought is necessary, not whether it is helpful" to the defendant. *United States v. Fennell*, 496 F.Supp.2d 279, 284 (S.D.N.Y. 2007). "A bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government investigation. Rather it is intended to give the defendant only that minimum of information necessary to permit the defendant to conduct his own investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985). "The Government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendant committed the crime charged, or a preview of the Government's evidence or legal theories." *Fennel*, 496 F.Supp.2d at 284; *see also United States v. Dubon-Otero*, 76 F.Supp.2d 161, 169 (D. P.R. 1999).

A bill of particulars is warranted only where the "charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused" and where discovery and other sources of information do not remedy the problem. *United States v. Ojeikere*, 299 F.Supp.2d 254, 260-61 (S.D.N.Y. 2004). Where the indictment provides the sought after details, or where the information necessary for preparation of the defense can be obtained through other means, a bill of particulars is unnecessary and unwarranted. *See, e.g.*,

*Sepulveda*, 15 F.3d at 1193; *Hallock*, 941 F.2d at 40; *United States v. DeLeon*, 468 F.Supp.2d 290, 292 (D. N.H. 2007); *United States v. Hajduk*, 370 F.Supp.2d 1103, 1111-12 (D. Co. 2005). Moreover, "because a bill of particulars confines the Government's proof to particulars furnished, requests for a bill of particulars should not be granted where the consequences would be to restrict unduly the Government's ability to present its case." *United States v. Feola*, 651 F.Supp. 1068, 1132 (S.D.N.Y. 1987).

Here the Indictment alone notifies Defendant of the specific acts of which he is accused and thereby provides information sufficient for Defendant to prepare a defense. The Affidavit accompanying the Complaint independently provides ample notice of the specific acts of which Defendant is accused. In addition, Defendant has or has the means to determine the answers to all of his interrogatories on his own. A bill of particulars is unnecessary and unwarranted.

A. The Pleadings furnish Defendant with ample information.

The Indictment states:

> Beginning in March 2007 and continuing through April 4, 2007, in the District of Rhode Island, Michael DiTomasso, an individual required to register under the Sex Offender Registration and Notification Act and who traveled in interstate commerce, did knowingly fail to register and update a registration as required by the Sex Offender Registration and Notification Act, all in violation of Title 18, United States Code, Section 2250.

The Indictment alone advises Defendant of the specific acts of which he is accused and thereby provides information sufficient for him to prepare his defense. The Indictment advises Defendant that he is accused of being required to register under the Sex Offender Registration and Notification Act ("SORNA"). The Indictment advises Defendant that he knowingly failed to register and/or update his registration as required by 18 U.S.C. § 2250, a provision of SORNA.

The Indictment further advises Defendant that he is accused of traveling in interstate commerce, a requisite jurisdictional element of the Federal crime of failing to register, *see* 18 U.S.C. §2250(2). No additional information is necessary for Defendant to understand the specific acts of which he is accused, and therefore no bill of particulars is necessary. *See*, *e.g.*, *Hallock*, 941 F.2d at 40, 41 (bill of particulars unnecessary where indictment advised defendant of "conduct out of which the indictment arose"); *Ojeikere*, 299 F.Supp.2d at 260-61 (bill of particulars unwarranted where "superseding indictment lays out the alleged offenses with sufficient particularity").

Defendant also has the Affidavit accompanying the Complaint for additional guidance.[1] For ease of reference, a true and correct copy of the Complaint and accompanying Affidavit is attached as Exhibit 1. At paragraphs 4 through 10, the Affidavit describes the elements of 18 U.S.C. § 2250. At paragraphs 11 through 15, the Affidavit alleges facts that make Defendant a person required to register under SORNA. At paragraphs 16 through 18 and 22 through 23, the Affidavit alleges facts establishing Defendant's knowing failure to register. At paragraphs 19 and 20, the Affidavit alleges facts establishing Defendant's interstate travel. Even if the Indictment had not provided sufficient detail, the Affidavit provides information in excess of the minimum necessary for Defendant to prepare his defense. A bill of particulars is unnecessary.

B. Defendant can answer his own interrogatories.

The answers to Defendant's interrogatories – even if deemed necessary, rather than merely helpful, for the preparation of his defense – are in Defendant's own grasp. Defendant's first interrogatory states, "[w]hen was Mr. DiTomasso required to register as a sex

[1] Defendant was provided with the Complaint and Affidavit at Defendant's initial appearance. Defendant recently received an additional copy of both documents from the Government. *See* Ex. 3.

offender under SORNA in Rhode Island?" This is a legal question, not a factual question, and as such the Government should not be compelled to answer it in a bill of particulars. *See Fennel*, 496 F.Supp.2d at 284 (Bill of particulars may not be used to force Government to divulge its legal theories); *Dubon-Otero*, 76 F.Supp.2d at 169 ("Bill of particulars is not an investigative tool for defense counsel to obtain detailed disclosure of the Government's evidence prior to trial."). Defendant seeks to compel the Government to reveal its legal theories or dispense legal advice to Defendant. Defendant's able counsel should be dispensing that legal advice and formulating all necessary legal theories for Defendant. The Government notes that the Affidavit references and quotes the registration requirement provisions of SORNA. *See* Ex. 1 at ¶ 7 ("[a] sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction….").

The second interrogatory states, "[w]hen did SORNA become applicable to Mr. DiTomasso?" Again, Defendant asks a legal, not factual, question and seeks to inappropriately force the Government to divulge its legal theories in a bill of particulars. Defense counsel has Defendant's criminal history. Defense counsel has access to the text of SORNA. Defense counsel can do the analysis necessary to answer this legal question. The Government notes that it is unaware of any reason why SORNA would not be applicable to Defendant during the time specified in the Indictment. The Government also notes that the Affidavit explains in detail how SORNA is applicable to Defendant during the time period specified in the Indictment, namely March 2007 to April 4, 2007. *See* Ex. 1.

The third and fourth interrogatories, respectively, seek particulars as to when Defendant was notified of his obligation to register under SORNA and when Defendant traveled in interstate commerce. Aside from the Affidavit, the Government has disclosed to Defendant

over 150 pages of documents in the course of discovery. These documents encompass all relevant data except Jencks Act material related to or revealing the identity of witnesses not employed in law enforcement. This very type of disclosure obviates the need for a bill of particulars, according to the U.S. First Circuit Court of Appeals in *United States v. Sepulveda*, 15 F.3d 1161, 1193 (1st Cir. 1993) (bill of particulars unwarranted where defendants "enjoyed the benefits of modified open-file discovery, *i.e.* automatic discovery that encompassed all relevant data except Jencks Act material related to witnesses not employed in law enforcement.").[2] *Accord*, *e.g.*, *DeLeon*, 468 F.Supp.2d at 292 (bill of particulars unnecessary in light of Government's discovery disclosures); *Hajduk*, 370 F.Supp.2d at 1111-12 (bill of particulars inappropriate where defendant already has the information he or she seeks).

It is apparent that Defendant has all the information he needs. Attached as Exhibit 2 is the letter that accompanied the Government's first disclosure. Attached as Exhibit 3 is the letter accompanying a supplemental disclosure. These letters describe the contents of the Government's disclosures. The Affidavit alone or the disclosures alone answer the third and fourth interrogatories and obviate the need for a bill of particulars. The Government notes that the Affidavit sets forth numerous instances of registration notifications at paragraphs 16, 17, 18, and 22. The Government notes that it has disclosed law enforcement statements pertaining to notification, numerous sex offender registration forms, and letters pertaining to notification. *See* Ex. 2 (*inter alia*, documents listed at ¶ A(1) and ¶ A(3)) and Ex. 3 (*inter alia*, 2002 through 2007 registration forms and letters from the Massachusetts Sex Offender Registry Board). The Government further notes that Defendant must be aware of when he traveled interstate, and the Affidavit at paragraphs 19 and 20 advises Defendant of when he traveled interstate.

---

[2] *Sepulveda*, which strongly advises that a bill of particulars is unnecessary in this case, is the only case Defendant sites in his Memorandum. *See* Def.'s Mem at 1.

## III. CONCLUSION

For the foregoing reasons, a bill of particulars is unnecessary and unwarranted. The Government respectfully requests that the Court deny Defendant's Motion.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Milind M. Shah
MILIND M. SHAH
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, R.I. 02903
Office (401) 709-5000
Facsimile (401) 709-5001
milind.shah@usdoj.gov

CERTIFICATION OF SERVICE

On this 29th day of October, 2007 I caused the within Objection and Memorandum as well as the thereto attached Exhibits 1, 2, and 3 to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Kevin J. Fitzgerald, Esquire
Assistant Federal Defendant
Federal Public Defender Office for Rhode Island
10 Weybosset Street, Suite 300
Providence, RI 02903
kevin_fitzgerald@fd.org

/s/ Milind M. Shah
MILIND M. SHAH
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, R.I. 02903
Office (401) 709-5000
Facsimile (401) 709-5001
milind.shah@usdoj.gov