OAO91 (Rev. 12/03) Criminal Complaint

# UNITED STATES DISTRICT COURT

EXHIBIT 1

DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA
V.
MICHAEL DiTOMASSO
Milford, MA

(Name and Address of Defendant)

CRIMINAL COMPLAINT

Case Number: 1:07MJ102A

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about 3/15/2007 (Date) in ______ County, in the ______ District of RHODE ISLAND defendant(s) did,

(Track Statutory Language of Offense)
fail to register as a sex offender

in violation of Title 18 United States Code, Section(s) 2250.

I further state that I am a(n) Supervisory Deputy U.S. Marshal (Official Title) and that this complaint is based on the following facts:

See attached affidavit of Supervisory Deputy United States Marshal Charles J. Wyant, United States Marshals Service.

Continued on the attached sheet and made a part of this complaint: ☒ Yes ☐ No

[signature]
Signature of Complainant

Charles J. Wyant
Printed Name of Complainant

Sworn to before me and signed in my presence,

10/4/07 at Providence, RI
Date City State

LINCOLN D. ALMOND, UNITED STATES MAGISTRATE JUDGE [signature]
Name of Judge Title of Judge Signature of Judge

**AFFIDAVIT IN SUPPORT OF WARRANT OF**
**ARREST AND CRIMINAL COMPLAINT**

I, Charles J. Wyant, being duly sworn on oath, do depose and state:

1. I am a Supervisory Deputy United States Marshal for the United States Marshals Service, District of Rhode Island and serve as the District's Sex Offender Investigations Coordinator. I have been employed by the United States Marshals Service for over 16 years. My responsibilities include investigating crimes under the Sex Offender Registration and Notification Act ("SORNA"), Title 1 of the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587. I am under 42 U.S.C. § 16941 and 28 U.S.C. § 566(e)(1)(B) authorized to enforce SORNA's sex offender registration requirements, which are codified at 18 U.S.C. § 2250.

2. I make this affidavit in support of a warrant of arrest and criminal complaint for Michael DiTomasso who is required to register under SORNA, traveled in interstate commerce, and knowingly failed to update his registration in violation of 18 U.S.C. § 2250.

3. The facts contained in this affidavit come from my own investigation or were related to me by other law enforcement officers involved in this investigation. I have not included in this affidavit every fact known to me concerning this investigation. I have, however, included those facts that I believe establish probable cause to believe that Michael DiTomasso committed the aforementioned offense.

**SORNA'S FAILURE TO REGISTER PROVISIONS (18 U.S.C.A. § 2250)**

4. I am advised by Assistant United States Attorney Milind Shah of the law with respect to the below paragraphs pertaining to the Adam Walsh Child Protection and Safety Act, the elements of SORNA's failure to register provision, SORNA's registration requirements, definitions relevant to the interpretation of SORNA, the duration of the registration requirement, and the definition of tier II sex offenders.

5. On July 27, 2006, the Adam Walsh Child Protection and Safety Act was passed into law. *See* 120 Stat. 587. Title 1 of the Act, SORNA, implements a national system for the

registration of sex offenders. SORNA also introduces criminal sanctions for those sex offenders who are required to register under SORNA but who fail to register under circumstances supporting federal jurisdiction. *See* 18 U.S.C. § 2250.

6. *Failure to Register Elments.* SORNA's failure to register provision, in relevant part, states,

> "Whoever
>
> (1) is required to register under [SORNA];
>
> (2) ...(B) travels in interstate...; and
>
> (3) knowingly fails to register or update a registration as required by [SORNA]
>
> shall be fined under this title or imprisoned not more than 10 years, or both."

18 U.S.C. § 2250.

7. *Registration Requirements.* SORNA sets forth, in relevant part, the following registration requirements for sex offenders:

> (a) IN GENERAL – A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student....
>
> (b) INITIAL REGISTRATION – The sex offender shall initially register (1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or (2) no later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.
>
> (c) KEEPING THE REGISTRATION CURRENT – A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

42 U.S.C. § 16913.

8. *Definitions.* "Sex offender" is defined under SORNA as "an individual who was convicted of a sex offense." 42 U.S.C. § 16911(1). "Sex offense" means, in relevant part, "a criminal offense that has an element involving a sexual act or sexual conduct with another" or "a criminal offense that is a specified offense against a minor." *Id.* at § 16911(5). The term "criminal offense" means "a State, local, tribal, foreign, or military offense... or other criminal offense." *Id.* at § 16911(6). "A specified offense against a minor" means, in relevant part, "any conduct that by its nature is a sex offense against a minor[,]" and "minor" is anyone "who has not attained the age of 18 years." *Id.* at § 16911(7). Certain classes of conduct are excluded from the definition of "sex offense:" "an offense involving consensual sexual conduct is not a sex offense for the purposes of this title if the victim was an adult, unless the adult was under the custodial authority of the offender at the time of the offense, or if the victim was at least 13 years old and the offender was not more than 4 years older than the victim." *Id.* at § 16911(5)(C).

9. *Duration of Registration Requirement.* SORNA also sets forth the period of time for which sex offenders must register. The registration period for sex offenders sentenced to incarceration begins when the offender is released from custody, and for sex offenders who receive non-incarcerative sentences, the registration period begins at the time of sentencing. *See* 42 U.S.C. § 16913. The registration period is generally 15 years for tier I sex offenders, 25 years for tier two offenders, and the life of the offender for tier III offenders. *See* 42 U.S.C. § 16915(a). Definitions of tiers 1 through 3 are set forth at 42 U.S.C. § 16911(2) – (4).

10. *Tiers II Sex Offender.* A tier II sex offender, in relevant part, is a sex offender "other than a tier III sex offender whose offense is punishable by imprisonment for more than 1 year and is comparable to or more severe than the following offenses, when committed against a minor:...

> (ii) coercion and enticement (as described in section 2422(b) of title 18, United States Code); [or]...
>
> (iv) abusive sexual contact (as described in section 2244 of title 18, United States Code).

42 U.S.C. § 16911(3). Section 2422(b) of Title 18 proscribes inducing or coercing any person younger than 18 years of age "to engage in… any sexual activity for which any person can be charged with a criminal offense…." Section 2244 of Title 18, *inter alia*, proscribes "knowingly engaging in a sexual act with another person who has attained the age of 12 years but has not attained the age of 16 years and is at least four years younger than the person so engaging…." *See* 18 U.S.C. § 2244(3) (incorporating by reference 18 U.S.C. § 2243(a)). For the purposes of 18 U.S.C. § 2244, "sexual act" includes vaginal penetration, oral stimulation of a sex organ, and anal intercourse.

## STATEMENT OF FACTS

11. I reviewed Michael DiTomasso's criminal records. On January 23, 1995, Michael DiTomasso pleaded guilty before the Worcester Superior Court of Massachusetts to several criminal charges, including one count of Rape and Abuse of a Child under 16, Mass. Gen. Laws ch. 265, § 23 and two counts of Indecent Assault and Battery of a Child under 14, Mass. Gen. Laws ch. 265, § 13B. The court sentenced DiTomasso to 1 to 3 years of incarceration for each of the three counts to run concurrently.

12. I am advised by Assistant United States Attorney Milind Shah of the elements of and punishment available under these offenses. The elements of Rape and Abuse of a Child under 16 include sexual intercourse (which includes vaginal penetration, oral stimulation of a sex organ, or anal intercourse) with a child who at the time of intercourse is under 16 years of age. *See* Mass. Gen. Laws ch. 265, § 23. The offense is punishable by imprisonment for more than 1 year. *See id.* The elements of Indecent Assault and Battery of a Child under 14 include intentional, indecent, and offensive or harmful touching of a child under the age of 14. *See* Mass. Gen. Laws ch. 265, § 13B. The offense is punishable by imprisonment for more than 1 year.

13. DiTomasso is eight years older than the victim of the above offenses.

14. On or about January 24, 1995, DiTomasso pleaded guilty before the Worcester Superior Court of Massachusetts to two counts of Indecent Assault and Battery of a Child under 14 Years, Mass. Gen. Laws ch. 265, § 13B. The court entered a 5 year suspended sentence and two years probation to commence after his earlier 1 to 3 year sentence.

15. DiTomasso is six years older than the victim of the above offenses.

16. On or about October 30, 1996, the Massachusetts Department of Correction provided DiTomasso with a Notice of Obligation to Register with Sex Offender Registry notifying DiTomasso, *inter alia*, that he has "been identified as a sex offender, and as such, must register, in person, at the Police Department in the City or Town where [he] will reside, within two days of [his] release from custody[;]" if he intends to move out of Massachusetts, he must notify the "police department where [he] last registered not later than five days before leaving the Commonwealth[;]" and that his failure to register or keep his registration current could result in imprisonment. On or about March 2, 1997, DiTomasso registered with the Milford, Massachusetts police department.

17. On December 3, 2003, the Massachusetts Sex Offender Registry Board wrote DiTomasso and informed him in writing that "[a]n administrative hearing examiner has conducted an evidentiary hearing and determined that [] you have a duty to register as a sex offender." The letter stated "[y]ou must register at the local police department within 2 calendar days of receiving this letter." The Board sent the letter to DiTomasso at 23 Vine Street, Milford, MA 01757, which is the address he had provided in his registration.

18. On or about October 7, 2004, August 2, 2005, and October 17, 2006, DiTomasso registered with the Milford Police Department, listing 23 Vine Street, Milford, MA 01757 as his permanent address. With each of these registration, DiTomasso signed a statement attesting that he had "read and understood" or that he had had read to him and understood the following:

> "You are advised that you must notify, in writing, the Sex Offender Registry Board or the Police Department in the city or town in which you reside not less than 10 days prior to any change in residence, employment, or attendance at an

> institution of higher learning. You are further advised that you are required to immediately contact and advise of your presence, the appropriate authority in any other state in which you locate yourself for the purpose of residence, employment, or attendance at an institution of higher learning. Failing to do so may subject you to criminal prosecution."

19. In or around the first week of March 2007, DiTomasso moved to an apartment on the second floor of 410 Wood Avenue, Woonsocket, RI 02895, according to Anthony Aguiar the owner of the 410 Wood Avenue building and DiTomasso's former landlord.

20. I interviewed Scott Stockton. He confirmed that in or around the first week of March 2007, he and DiTomasso moved from Milford, Massachusetts to the Woonsocket apartment. Stockton stated that he met DiTomasso years earlier in Milford, Massachusetts and that they had moved to Rhode Island from Milford, Massachusetts for the purpose of leaving Massachusetts, obtaining jobs in Rhode Island, and making a "clean start" in Rhode Island.

21. On March 19, the Milford, Massachusetts Police Department advised the Woonsocket Police Department that DiTomasso, a sex offender, may have moved to 410 Wood Avenue, Woonsocket. The Woonsocket Police Department began to search for DiTomasso.

22. In the evening hours of March 27, 2007, Woonsocket Police Officer William Coupe found DiTomasso at or around the 410 Wood Avenue building. DiTomasso advised Officer Coupe that he was living at the 410 Wood Avenue building. Officer Coupe advised DiTomasso that as a sex offender he should report within a week to the Woonsocket police station and register himself at the Woonsocket address.

23. By April 4, 2007, DiTomasso had not registered at the Woonsocket police station. DiTomasso had also not updated his registration to reflect his Rhode Island address with the Milford, Massachusetts Police Department, any other Massachusetts police department or registry official, or any other Rhode Island police department or registry official. On this same date, Patrolman Coupe arrested DiTomasso for failing to register at the Woonsocket address.

24. I am advised by the Woonsocket Police Department that DiTomasso was transferred to the custody of the Milford, Massachusetts Police Department and has been brought

up on charges of failing to register. I am advised by the Milford, Massachusetts Police Department that DiTomasso is presently not in custody and appears to be living in the Milford, Massachusetts area.

Charles J. Wyant
Supervisory Deputy U.S. Marshal
United State Marshals Service

Signed and sworn to before me
4th day of ~~September~~ Oct., 2007
at Providence, Rhode Island.

~~NAME~~ LINCOLN D. ALMOND
United States Magistrate Judge