**U.S. Department of Justice**

*United States Attorney*
*District of Rhode Island*

EXHIBIT 2

Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

(401) 709-5000
FAX (401) 709-5001
CIVIL FAX (401) 709-5017

October 22, 2007

Kevin J. Fitzgerald, Esq.
Assistant Federal Defender
Federal Defendant Office
10 Weybosset Street, RI 02903

Re: *U.S. v. Michael DiTomasso*, C.R. No. 07-0132ML.

Dear Mr. Fitzgerald:

Below please find the Government's disclosure of material and information pursuant to the Court's Arraignment and Pretrial Discovery Order in the above-captioned matter. Pursuant to Sections I(B)(1)-(3) of the Court's Order and Rule 16(b) of Federal Rules of Criminal Procedure, the Government requests reciprocal discovery from Defendant. Specific requests are set forth below.

**A. Government's Disclosure under Federal Rule of Criminal Procedure 16**

*(1) Statement of Defendant Subject to Disclosure under Rule 16(a)(1)(A)-(C).*

The Government discloses the following documents:

- Woonsocket Police Department's 6/13/2007 Arrest Report for Defendant, including witness statements by Patrolman Coupe and Detective Patrolman Gerard Durand;
- Defendant's 8/14/2007 Application for Employment; and
- Defendant's Form W-4.

Copies of each of these documents are enclosed.

*(2) Any Prior Criminal Record of Defendant Subject to Disclosure under Rule 16(a)(1)(D).*

The Probation Office already released its review of Defendant's criminal history to you during Arraignment. The Government discloses the following additional documents:

- Criminal Docket for WOCR1994-000561, *Commonwealth v. DiTomasso* and associated documents (Uxbridge Docket sheet; Arrest Report);
- Criminal Docket for WOCR1994-00015, *Commonwealth v. DiTomasso* and associated documents (Uxbridge Docket sheet; Arrest Report);
- Indictments
- Criminal Docket for WOCR2005-00490;
- Criminal Docket for WOCR2005-00491;
- Application for Criminal Complaint, Incident Report No. 07-41-WA;

- PCF Request Report;
- NCIC Search Reports;
- Rhode Island Criminal History Record;
- Uxbridge Police Department Arrest Report, Arrest # 07-352-AR;
- RI Department of Corrections Individual Inmate Detail for Defendant; and
- Woonsocket Police Department docket report.

Copies of each of these documents are enclosed.

*(3) Documents and Tangible Objects Subject to Disclosure under Rule 16(a)(1)(E).*

In addition to the above documents, the Government discloses the following documents:

- Defendant's Sex Offender Registration Forms dated 2004, 2005, 2006, and 2007;
- Defendant's Sex Offender Registry Information for 2003;
- Notice of Obligation to Register with Sex Offender Registry;
- 12/03/2003 Letter from Massachusetts Sex Offender Registry Board to Defendant; and
- PM Recycling, Inc.'s Payroll Transaction Detail.

Copies of each of these additional documents are enclosed.

*(4) Reports of Examinations and Test Subject to Disclosure under Rule 16(a)(1)(F).*

There is no responsive information or documents to report for disclosure under Rule 16(a)(1)(F).

*(5) Summaries of Expert Witness Testimony Subject to Disclosure under Rule 16(a)(1)(G).*

There is no responsive information or documents to report for disclosure under Rule 16(a)(1)(G).

*(6) Any Brady/Giglio Materials or Information*

In addition to the information provided in and enclosed with this letter, the Government will provide additional material or information which comes to its attention -- within the meaning of *Giles v. Maryland*, 386 U.S. 66 (1967), *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972) -- that tends to negate the guilt of the accused or to reduce his punishment for the offense charged. The Government is aware of its continuing duty to disclose exculpatory evidence.

*(7) Indications in Government Counsel's File of Wire or Oral Communications That Have Been Intercepted.*

The Government counsel is unaware of any wire or oral communications that have been intercepted and the Government counsel's file does not indicate that any wire or oral communications have been intercepted.

**B. Government's Discovery Requests under Federal Rule of Criminal Procedure 16**

*(1) Documents and Objections Subject to Disclosure under Rule 16(b)(1)(A).*

The Government requests that it be permitted to inspect and copy or photograph all tangible evidence which counsel intends to introduce on behalf of Defendant during the presentation of Defendant's case-in-chief.

*(2) Reports of Examinations and Tests Subject to Disclosure under Rule 16(b)(1)(B).*

The Government requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examination and of scientific tests or experiments made in connection with this case which counsel intends to introduce on behalf of Defendant in Defendant's case-in-chief at trial, or which were prepared by a witness that counsel intends to present at trial where the results or reports relate to that witness's testimony.

*(3) Documents Subject to Disclosure under Rule 16(b)(1)(C).*

The Government requests that the defendant disclose summaries of testimony by any expert witness the defendant expects to call on his behalf at trial.

*(4) Rule 12.2 Notice*

The Government requests that the defendant provide the notice required under Rule 12.2 of the Federal Rules of Criminal Procedure in the event Defendant intends to offer a defense of insanity or expert testimony concerning his mental condition.

*(5) Rule 12.1(b) Notice/ Alibi*

The Government requests that the defendant provide the notice required under Rule 12.2 of the Federal Rules of Criminal Procedure in the event Defendant intends to offer a defense of alibi. The relevant dates are in or about the first week of March 2007 to April 4, 2007, the relevant time is any period of time during the aforementioned dates, and the relevant place is any part of Rhode Island and/or Woonsocket, Rhode Island.

Sincerely yours,

ROBERT CLARK CORRENTE
United States Attorney

MILIND M. SHAH
Assistant U.S. Attorney

Enclosures